PACIFIC EMPLOYERS INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78000.   Promulgated September 30, 1937.

*Joseph D. Peeler, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

STERNHAGEN: 1. The petitioner's first contention is that its deduction for losses should be not $611,245.39, as taken by it on its return, but $752,838.04, as shown on its annual statement filed with the California insurance commissioner. This contention for 1931 is controlled by the Revenue Act of 1928 and is precisely the same as that

**588**

made for 1930 and rejected in *Pacific Employers Insurance Co.* v. *Commissioner*, 89 Fed. (2d) 186. The deduction taken on the return was correct.

2. The petitioner filed an opaque return, and the Commissioner held that the item of $44,621.64 "represents a contingent liability and as such does not constitute an allowable deduction from gross income."

It can not be said that the $44,621.64 represents a contingent liability. By its original contract the petitioner was, throughout 1931, obligated to pay its agent $199,715.85, and this amount it paid. Without more it was clearly deductible. The new agreement of December 31, 1931, did not change this liability or payment. It did, to be sure, purport to reduce the absolute amount and make the $44,621.64 seem to be repaid to petitioner to be paid back later by petitioner only if it could be so paid "without impairing the solvency of the company." But, since the company always had a surplus more than sufficient to withstand the payment, there never was a contingency and the obligation was never impaired and never lapsed. Really its agent, merely to enable the company to keep up appearances, loaned the company $44,621.64 and called it artificially a "contribution to surplus", while retaining a right to demand its repayment with interest, subject only to the possibility that the right would lapse with a vanished surplus. The amendment of 1933 further limiting the agent's right to repayment did not operate retroactively to change the contractual rights in 1931.

The entire $199,715.85 was a proper deduction of 1931, and the Commissioner's disallowance of $44,621.64 was in error.

*Judgment will be entered under Rule 50.*